CIRCUIT COURT FOR CALVERT COUNTY

175 Main Street

Prince Frederick, Maryland

CASE No.  C07-1179

Kathleen Arnold          vs.   CitiMortgage Incorporated

9543 North Side Drive          Last Known Address of:

Owings, MD 20736               1000 Technology Drive, MS 140

(410)-257-5283                 O'Fallon, MO   63304

    Pro Se Plaintiff No. 1    (866)-427-6473

                          Serve on Resident Agent

Timothy A. Cotten              The Corporation Trust Incorporated

9543 North Side Drive          300 East Lombard Street

Owings, MD 20736               Baltimore, MD 21202

410-257-5283                           Defendant No. 1,

                          "Assignee"

    Pro Se Plaintiff No. 2

                          Lehman Brothers Bank, F.S.B.

                          Last Known Address of:

                          400 Professional Drive

                          Suite 100

                          Gaithersburg, MD   20879

                          (301)-632-3081

--

1

Serve on Resident Agent or

Designated Officer of Bank

400 Professional Drive

Suite 100

Gaithersburg, MD  20879

Defendant No. 2

Creditor


Samuel I. White, P.C.

209 Business Park Drive

Virginia Beach, VA 23462

(757)-490-9284

Attorney for Defendants

CitiMortgage Incorporated


## COMPLAINT

## I.  PRELIMINARY STATEMENT

1.  This Complaint is filed under the Truth in Lending Act,
15 U.S.C. § 1601 (hereinafter called ``Act'') to enforce the
plaintiff's right to rescind a consumer credit transaction
described by 15 U.S.C. § 1635 and regulation ``Z'', to void the
Defendant's security interest in the Plaintiff's home, and to
recover statutory damages, reasonable attorney's fees and costs
by reason of the Defendant's violations of the ``Act'' and
Regulation Z, 12 C.F.R. § 226.23 (hereinafter called ``Regulation

--

Z'') and all coexistent Maryland Laws not yet discovered or stated as of this time of the filing of this action.

## II.   JURISDICTION

2.   Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.  The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

3.   This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III.   PARTIES

4.   The Plaintiffs Kathleen Arnold and Timothy A. Cotten, are natural persons, residing at 9543 North Side Drive, Owings, MD 20736.

5.   Defendant Lehman Brothers Bank F.S.B., original transaction creditor, is engaged in the business of Mortgage Banking at Defendants Last Known Principal place of business of 400 Professional Drive, Suite 100, Gaithersburg, MD 20879.

6.   Defendant, CitiMortgage Incorporated, Servicing Agent or Assignee, is a corporation engaged in the business of Mortgage Banking Loan Servicing and related Mortgage Banking Services

--

3

with its Last Known Principal place of business located at MS 140, 1000 Technology Drive, O'Fallon, MO 63304.

7.  At all times relevant hereto, the Defendants, in the ordinary course of its business, regularly extended or offered to extend consumer credit and credit related services for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

## IV.  FACTUAL ALLEGATIONS

8.  On or about September 15, 2003, Plaintiff entered into a consumer credit transaction (hereinafter ``the transaction'') with Defendant Lehman Brothers Bank F.S.B., in which the extended consumer credit was subject to a finance charge, See Reg. Z § 226.2(a)(17)(i)(A) and which was initially payable to this Defendant.

9.  A true and accurate copy of the credit agreement evidencing the transaction is attached hereto, marked E:, for EXHIBITS, A-1 & A-2 and by this reference is incorporated herein.

10.  As part of this consumer credit transaction, the Defendant retained a security interest in Plaintiffs residential property located at 9543 North Side Drive, Owings, MD 20736, which is used as the principal dwelling of the Plaintiffs.

--

4

11.   The security interest was not created to finance the acquisition or initial construction of Plaintiff's dwelling.

12.   A true and accurate copy of the mortgage evidencing the Defendant's security interest is attached hereto, marked E:, for EXHIBITS, B-1 through B-16, and by this reference is incorporated herein.

13.   On or about July 2004, Defendant Creditor through the powers conveyed to subsequent loan servicer and affiliated company, Aurora Loan Services, assigned the Plaintiffs mortgage obligation in question to Defendant CitiMortgage Incorporated, the now Assignee, 15 U.S.C. § 1641(c).

## V.   CAUSE OF ACTION

14.   This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).[nn]30@

15.   In the course of this consumer credit transaction, Defendant Creditor violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to Plaintiff Cotten two copies of or any notice of the right to rescind which:

    a.   Identified the transaction.

b.    Clearly and conspicuously disclosed the security
          interest in the Plaintiff's principal dwelling.

c.    Clearly and conspicuously disclosed the Plaintiff's
          right to rescind the transaction.

d.    Clearly and conspicuously disclosed how to exercise the
          right to rescind the transaction, with a form for
          that purpose, designating the address of the
          Defendant Creditor's place of business.

e.    Clearly and conspicuously disclosed the effects of
          rescission.

f.    Clearly and conspicuously disclosed the date the
          rescission period expired.

16.    In the course of this consumer credit transaction,
Defendant Creditor, though not a comprehensive accounting, failed
to deliver all of, ``material'' disclosures required by the Act
and Regulation Z, including but not limited to the following:

a.    By failing to properly and accurately disclose the
          ``amount financed,'' using that term in violation
          of Regulation Z § 226.18(b) and 15 U.S.C. §
          1638(a)(2)(A).

--

6

b.  By failing to clearly and accurately disclose the
``finance charge,'' using that term, in violation
of Regulation Z §§ 226.4 and 226.18(d) and 15
U.S.C. § 1638(a)(3).

c.  By failing to clearly and accurately disclose the
``annual percentage rate,'' using that term, in
violation of Regulation Z § 226.18(e) and 15
U.S.C. § 1638(a)(4).

d.  By failing to properly disclose the number, amounts,
and timing of payments scheduled to repay the
obligation, in violation of Regulation Z §
226.18(g) and 15 U.S.C. § 1638(a)(6).

e.  By failing to clearly and accurately disclose the
``total of payments,'' using that term, in violation of
Regulation Z § 226.18(h) and 15 U.S.C. § 1638(a)(5).

f.  By calculating the annual percentage rate (APR) based
upon improperly calculated and disclosed finance charges
and amount financed, 15 U.S.C. § 1606, Regulation Z §
226.22, the defendants understated these amounts.

17.  The Plaintiffs have a continuing right to rescind the
transaction until the third business day after receiving both the

7

notice described in paragraph 11 and all ``material'' disclosures described in paragraph 12, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3), up to three years after consummation of the transaction.

18.   On August 7, 2006, the Plaintiff Timothy Cotten, rescinded the transaction by sending notice of rescission to Defendant Creditor, Lehman Brothers Bank F.S.B., at their Last Known Address of Principal place of business at 400 Professional Drive, Suite 100, Gaithersburg, MD 20879, and to Defendant Assignee, CitiMortgage Incorporated with its Last Known Principal place of business address at the time of this notice being located at P.O. Box 183040, Columbus, OH, 43218-3040, which notices were sent postage prepaid, certified mail, return receipt requested, a notice of rescission is attached.

19.   A true and accurate copy of that notice of rescission is attached hereto, marked E:, for EXHIBITS C1 through C4, and by this reference is incorporated herein.

20.   Defendants Creditor, Lehman Brothers Bank, F.S.B., and Assignee, CitiMortgage Incorporated, received copies of the Plaintiff's notice of rescission on or about August 8, 2006.

21.  More than 20 calendar days have passed since the Defendants received copies of the Plaintiff's notice of rescission.

22.  The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest described in Paragraph 8, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

23.  The Defendants have failed to return to the Plaintiffs any money or property given by the Plaintiffs to anyone, including the Defendants, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

24.  As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable to Plaintiffs for:

a.  Rescission of this transaction.

b.  Termination of any security interest in Plaintiff's property created under the transaction.

c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction.

d.   Statutory damages of $2000 for the disclosure violations.

e.   Statutory damages of $2000 for Defendants' failure to respond properly to Plaintiff's rescission notice.

f.   Forfeiture of return of loan proceeds.

g.   Actual damages in an amount to be determined at trial.

h.   A reasonable attorney fee.

## VII.  PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1.   Assume jurisdiction of this case;

2.   Declare the security interest in Plaintiff's home void;

3.   Rescind the transaction of Lehman Brothers Bank, F.S.B., and all assigned interest past, present and future;

10

4.   Order Defendants to take all action necessary to
terminate any security interest in Plaintiff's
property created under the transaction and that
the Court declare all such security interests
void, including but not limited to the mortgage
related to the transaction of Lehman Brothers
Bank, F.S.B., and all assigned interest in the
Plaintiffs property subject to this credit
transaction;

5.   Order the return to the Plaintiff of any money or
property given by the Plaintiff to anyone,
including the Defendants, in connection with the
transaction;

6.   Enjoin Defendants during the pendency of this action,
and permanently thereafter, from instituting,
prosecuting, or maintaining foreclosure
proceedings on the Plaintiff's property, from
recording any deeds or mortgages regarding the
property or from otherwise taking any steps to
deprive Plaintiff of ownership of that property;

7.   Award the Plaintiff statutory damages for the
disclosure violations, in the amount of twice the

finance charge in connection with this
transaction, but not less than $200 or more than
$2000 as provided under 15 U.S.C. § 1640(a);

8. Award the Plaintiff statutory damages for Defendant's
failure to respond properly to the Plaintiff's
rescission notice, in the amount of twice the
finance charge in connection with this
transaction, but not less than $200 or more than
$2000 as provided under 15 U.S.C. § 1640(a);

9. Order that, because the Defendants failed to respond to
the Plaintiff's notice of rescission, the
Plaintiff has no duty to tender, but in the
alternative, if tender is required, determine the
amount of the tender obligation in light of all of
the Plaintiff's claims, and order the Defendants
to accept tender on reasonable terms and over a
reasonable period of time;[nn]40@

10. Award actual damages in an amount to be established at
trial;

11. Award the Plaintiff costs and a reasonable attorney fee
as provided under 15 U.S.C. § 1640(a);

12.   Award such other and further relief as the Court deems
      just and proper.


### DEMAND FOR JURY TRIAL

The Plaintiff's Kathleen Arnold and Timothy Cotten,
proceeding Pro Se, hereby demands on this 5th day of September,
2007, that this Truth in Lending Right of Rescission Case be
tried by jury.

_/s/Kathleen Arnold and Timothy Cotten_

Signature of Plaintiffs

Kathleen Arnold and Timothy Cotten, Pro Se

9543 North Side Drive

Owings, MD  20736

Phone: (410)-257-5283

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 7th day of September, 2007, a copy of the foregoing complaint, exhibits and all documents filed with these courts therein, was mailed restricted service, certified return receipt requested, to: CitiMortgage Incorporated, Serve on Resident Agent, The Corporation Trust Incorporated, located at, 300 East Lombard Street, Baltimore, MD, 21202.

/s/Kathleen Arnold and Timothy Cotten

Plaintiffs Pro Se

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY FURTHER that on this 7th day of September, 2007, a copy of the foregoing Writ of Summons, Complaint, Exhibits and all documents filed therein, were mailed restricted service, certified return receipt requested, to: CitiMortgage Incorporated, Serve on Resident Agent, The Corporation Trust Incorporated, located at, 300 East Lombard Street, Baltimore, MD, 21202 and further state, a copy of these documents were mailed first class mail, postage prepaid, to: Samuel I. White, P.C., located at 209 Business Park Drive, Virginia Beach, VA 23462, attorney for Defendant, CitiMortgage Incorporated

/s/Kathleen Arnold and Timothy Cotten

Plaintiffs Pro Se