IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KATHLEEN ARNOLD**, *et al.*, | * |
| **Plaintiffs,** | * |
| v. | * Civil Case No.: RWT 07-2617 |
| **CITIMORTGAGE, INC.**, *et al.*, | * |
| **Defendants.** | * |

## MEMORANDUM AND OPINION

In the latest of numerous attempts to keep their failed claims alive, *pro se* plaintiffs Kathleen Arnold and Timothy Cotten ("Plaintiffs") have filed a motion entitled "FRCP Motion § 60(b)(2) and (4) – 'Void Orders' and, Discovery of Evidence" (hereinafter, "Rule 60(b) Motion"). Plaintiffs seek reconsideration of this Court's January 26, 2010 Order dismissing their Fourth Amended Complaint. (ECF No. 93). For the reasons that follow, Plaintiffs' Rule 60(b) Motion will be denied.

**I.**

This action arises out of the refinancing of Ms. Arnold and Mr. Cotten's home in Calvert County, Maryland. Apparently dissatisfied with how the refinancing was carried out, Ms. Arnold and Mr. Cotten initiated five separate lawsuits in the Circuit Court for Calvert County against Defendants Aurora Loan Services, LLC; CitiMortgage, Inc.; Leman Brothers Bank, F.S.B.; Stewart Title Group, LLC; Samuel I. White, P.C.; and Wells Fargo Home Mortgage, Inc. ("Wells Fargo") in August 2007 ("Defendants").[1]

---

[1] Congressional Funding USA, Inc. was also named as a Defendant but was later dismissed due to insufficient service of process. *See* ECF No. 82.

1

Defendants removed each case to this Court, based on federal question and/or diversity jurisdiction pursuant to 28 U.S.C. § 1441. *See* Civil Case Nos. RWT 07-02617, RWT 07-02722, RWT 07-03412, RWT 08-00038, and RWT 08-02197. Ms. Arnold and Mr. Cotten responded by filing five separate motions to remand. On September 12, 2008, the Court consolidated the cases and denied all five motions to remand. *See* ECF Nos. 18, 19.

Post consolidation, Ms. Arnold and Mr. Cotten filed four amended complaints. (ECF Nos. 28, 38, 48, 62). Wells Fargo and the remaining Defendants filed separate motions to dismiss the Fourth Amended Complaint on September 21, 2009. (ECF Nos. 67-68). The Court held a hearing on Defendants' motions to dismiss on January 26, 2010 and, upon consideration of the papers and the oral argument presented at the hearing, dismissed the Fourth Amended Complaint for the reasons stated in the record. (ECF No. 82).

The United States Court of Appeals for the Fourth Circuit affirmed the decision on November 15, 2010, and the mandate was issued on December 7, 2010. (ECF Nos. 90, 92). Ms. Arnold and Mr. Cotten filed a petition for rehearing, but the Fourth Circuit denied it as untimely. (ECF No. 91). Shortly thereafter, Plaintiffs filed a "criminal" complaint against numerous United States Bankruptcy, District, and Circuit Court Judges, including the undersigned, alleging similar claims made in this motion. *See* Civil Case No. DKC 10-3379, ECF No. 2 ("Plaintiffs . . . complain that various federal judges . . . 'eschewed' their duties to establish subject matter jurisdiction over [Plaintiffs'] removed cases . . . [and] acted in a biased manner by refusing to hear Plaintiffs' appellate arguments."). Chief Judge Deborah K. Chasanow summarily dismissed this complaint on January 6, 2011. *Id.* at ECF No. 3.

Plaintiffs filed the pending Rule 60(b) Motion on January 14, 2011. (ECF No. 93). Wells Fargo and the remaining Defendants filed separate oppositions to the motion. (ECF Nos. 95-96).

## II.

Under Rule 60(b), a party may obtain relief from a judgment or final order based upon:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104, 119 S. Ct. 869, 142 L. Ed. 2d 771 (1999). Rule 60(b) does not permit "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995).

## III.

Plaintiffs' Rule 60(b) Motion does not warrant relief under Rule 60(b)(2), 60(b)(4), or any other ground for reconsideration listed in Rule 60(b) and will accordingly be denied. Although professing to seek reconsideration under Rule 60(b)(2), Ms. Arnold and Mr. Cotten fail to include any reference to any newly discovered evidence in the entirety of their 106 page motion. (*See* ECF No. 93). Consequently, Plaintiffs are not entitled to relief under Rule 60(b)(2).

Plaintiffs' argument that "the judgment is void" is similarly without merit. Under Rule 60(b)(4), a judgment is void only if "the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). It is an extremely narrow concept due, in part, to the threat to the finality of judgments. *Id.* at 413 (citations omitted). As a result, a federal court judgment is only void if there is "no arguable basis on which [the court] could have rested a finding that it had jurisdiction." *Id.* at 413 (quoting *Nemaizer v. Baker,* 793 F.2d 58, 65 (2d Cir.1986)).

The crux of Plaintiffs' argument under Rule 60(b)(4) – and the only novel argument discernable to the Court – is that Defendants in the present case are actually "original plaintiffs" or counterclaim defendants and therefore could not properly remove the five state court actions to federal court. (ECF No. 93 at 24); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-05 (1941) (holding that only defendants may remove a state court action to federal court). Ms. Arnold and Mr. Cotten view their claims as counterclaims to the earlier foreclosure action initiated by CitiMortgage, Inc. and argue that the underlying state cases were therefore "fraudulently removed." *Id.* at 25. Thus, the argument goes, the January 26, 2010 Order dismissing their Fourth Amended Complaint is void because this Court lacked subject matter jurisdiction.

As a threshold matter, despite the Plaintiffs' repeated assertion that the Court has "ignored" their motions for remand,[2] this Court previously considered and denied these motions in its September 12, 2008 Memorandum Opinion and Order. *See* ECF Nos. 18, 19. Moreover, this Court unquestionably has (and had) subject matter jurisdiction over this action. Plaintiffs

---

[2] *See* ECF No. 93, at 36-37, 42, 47, 99.

initiated five separate lawsuits in state court well after the foreclosure action was dismissed on January 11, 2007. ECF No. 95, Ex. A. Regardless of any relationship between Plaintiffs' claims and the earlier foreclosure action, Plaintiffs cannot escape the reality that the actions they initiated were not filed as counterclaims but rather as separate and independent actions. The "true plaintiffs" in this case are therefore Ms. Arnold and Mr. Cotten and, as previously determined, removal was proper under 28 U.S.C. § 1441. (ECF No. 19). In short, Plaintiffs' argument under Rule 60(b)(4) is wholly without merit.

Plaintiffs also advance a multitude of arguments that have already been briefed, argued, and rejected by this Court over the course of this three-year litigation. *See e.g.,* ECF No. 93, at 29-32 (arguing that the Court "misapplied the laws" in its analysis of their Truth in Lending Act claim and the applicable statute of limitations). In addition to failing to meet any of the grounds for reconsideration listed in Rule 60(b), Plaintiffs' attempt to relitigate arguments already addressed in earlier rulings is plainly inappropriate and these arguments will not be reconsidered here. *See, e.g., CNF Constructors, Inc.*, 57 F.3d at 401 ("where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)") (internal citations omitted).

### IV.

For the foregoing reasons, Plaintiffs' Rule 60(b) Motion (ECF No. 93) will be denied. A separate order follows.

Date: <u>June 14, 2011</u>                                          <u>          /s/          </u>
                                                                                    ROGER W. TITUS
                                                                        UNITED STATES DISTRICT JUDGE